```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
                                   :
UNITED STATES OF AMERICA,          :
                                   :
     -against-                     :   MEMORANDUM OPINION
                                   :        AND ORDER
JAY KATZ,                          :   02 Cr. 1586 (JFK)
                                   :   02 Cr. 1589 (JFK)
               Defendant.          :
---------------------------------- X
```

**JOHN F. KEENAN, United States District Judge:**

On March 9, 2004, the Court sentenced Jay Katz ("Katz") to a 37-month prison term and a three-year term of supervised release upon his plea of guilty to (1) conspiracy to violate the Medicare Anti-Kickback Statute and (2) conspiracy to file false corporate and individual tax returns. Katz now asks the Court to terminate his supervised release term early. For the reasons outlined below, the Court denies the request.

## BACKGROUND

Katz, who owned and operated several medical imaging clinics in New York City, admitted violating the Medicare Anti-Kickback Statute by paying a marketing company to refer Medicare patients to his clinics. Katz made these payments with the knowledge that the marketing company would use some of its fee to pay kickbacks to the medical offices that originated the referrals. Katz also admitted

to conspiring to file false corporate and individual federal tax returns in an attempt to evade tax liability.

Upon Katz's guilty plea, the Court sentenced him to a 37-month prison term and a three-year term of supervised release and imposed a $7,500 fine and a $200 special assessment. As part of his plea, Katz also agreed to file amended tax returns and to pay any tax deficiencies for the years in question. Katz paid these fines and amended his taxes as required by May 6, 2004. Katz was then committed to the custody of the Bureau of Prisons from July 12, 2004, to March, 17, 2006. He has been on supervised release during the two-and-a-half years since. His supervised release period is currently scheduled to end on March 17, 2009.

Following his release from prison, Katz abandoned his medical imaging business and began investing, developing, and managing commercial real estate. He has also resumed charity work for the Friends of the Israel Defense Forces – an organization that pays for wounded Israeli soldiers to visit the United States – and become involved with the Wounded Warrior Project – an organization that works with wounded U.S. veterans of the wars in Iraq and Afghanistan.

In light of his compliance with the Court's directives to date and his desire to increase the time he spends on

his charity work, Katz now asks the Court to terminate his supervised release early.

## DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court must consider the following factors in making this determination:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant, id. § 3553(a)(1);

(2) the need to deter criminal conduct, id. § 3553(a)(2)(B);

(3) the need to protect the public from further crimes of the defendant, id. § 3553(a)(2)(C);

(4) the need to provide the defendant with correctional treatment, id. § 3553(a)(2)(D);

(5) the kinds of sentence and the sentencing range established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements, id. § 3553(a)(4);

(6) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing, id. § 3553(a)(5);

(7) the need to avoid unwarranted sentence disparities among similar defendants, id. § 3553(a)(6); and

(8) the need to provide restitution, id. § 3553(a)(7).

According to the Second Circuit, "early termination of supervised release is within the discretion of the district court and is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior." Karacsonyi v. United States, No. 97-1220, 1998 U.S. App. LEXIS 15107, at *5 (2d Cir. June 10, 1998).

Katz asks the Court to terminate his supervised release early for three reasons. First, he argues that, by satisfying the fines, filing the amended tax returns, and complying with supervised release to date, he has earned early termination. Second, he claims that his abandoning the medical imaging business makes him an unlikely candidate for recidivism. Third, he asserts that supervised release is impeding his work for charities.

These arguments do not persuade the Court. First, Katz's compliance with all court-imposed sanctions to date

does not qualify as "exceptionally good behavior." Far from being exceptional, such compliance is expected by this Court. Second, though the Court has less reason to deter Katz from Medicare fraud now that he has left the medical imaging business, other relevant factors weigh against early termination, particularly general deterrence and the recommended Sentencing Guidelines range.[1] Third, while the Court commends Katz for his ongoing work with charities, it fails to see how this work justifies early termination. As the Government notes, Katz has not explained how supervised release interferes with his charitable activities. In fact, it is clear from his application that Katz has managed to continue his charity work in spite of the constraints of supervised release.

## CONCLUSION

For all of the above reasons, the Court denies Katz's request for early termination of supervised release.

SO ORDERED.

Dated:    New York, New York
           October 23, 2008

                                     JOHN F. KEENAN
                                United States District Judge

---

[1] The three-year term of supervised release was within the Sentencing Guidelines range as determined by the Court.